UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNETTE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24 CV 1298 CDP |
| ) | |
| UTILITY WORKERS OF AMERICA, ) | |
| LOCAL 640, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This removed case is before me on defendant's motion to dismiss, filed on September 26, 2024. ECF 6. Plaintiff has not responded to this motion, and her time for doing so has now expired. *See* E.D.Mo. L.R. 4.01(B). Accordingly, on October 11, 2024, I issued a Memorandum and Order to Show Cause directing plaintiff to show cause in writing why defendant's motion to dismiss should not be granted and warning her that failing to file a timely response to the Memorandum and Order to Show Cause would result in the Court granting defendant's motion and dismissing this case without further notice by the Court. ECF 8. Plaintiff has not responded to the Show Cause Order, and her time for doing so has now expired.

I will grant defendant's motion to dismiss plaintiff's case for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6)[1] as plaintiff's complaint is nothing more than a one-page list of phrases with no supporting factual allegations whatsoever.  ECF 5.  As such, the Court is unable to discern the nature of plaintiff's claims or asserted basis for relief.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [6] is granted only as follows: plaintiff's complaint is dismissed without prejudice for failing to state a claim under Fed. R. Civ. P. 12(b)(6).

A separate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2024.

---

[1] The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).  Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.  *See Neitzke*, 490 U.S. at 327.